IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Norman Tyrone Dais, | Crim. No. 4:03-cr-00386-TLW |
| PETITIONER | C/A No. 4:06-cv-70005-TLW |
| v. | |
| United States of America, | **Order** |
| RESPONDENT | |

This matter comes before the Court for consideration of the *pro se* motion for relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure filed by Petitioner Norman Tyrone Dais. For the reasons stated below, the motion is denied.

Petitioner pled guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 294 months imprisonment on August 31, 2004. He was sentenced as an armed career offender under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[1] His ACCA predicate offenses consisted of five burglary convictions.[2]

Petitioner filed a direct appeal, and his counsel submitted an *Anders* brief. Petitioner filed a *pro se* supplemental brief in which he raised several issues, including the use of his burglary convictions to enhance his sentence under the ACCA. The Fourth Circuit affirmed.

---

[1] The ACCA imposes a mandatory minimum fifteen-year sentence on felons who possess, among other things, firearms, and who also have three or more prior convictions for committing certain drug crimes or "violent felon[ies]." 18 U.S.C. § 924(e)(1).

[2] Four of those were adult convictions for Burglary Second, and one was for Burglary Third that he committed as a 17-year-old and for which he received a sentence under the Youthful Offender Act, S.C. Code Ann. §§ 24-19-10 to -160.

1

*United States v. Dais*, 178 F. App'x 253, 256–57 (4th Cir. 2006).

On October 30, 2006, Petitioner filed a § 2255 motion. ECF No. 67. One of the issues he raised was whether he had been represented by counsel for his prior burglary convictions. After he filed numerous motions and letters with the Court, the Court appointed counsel for him and held an evidentiary hearing on March 3, 2009. At the hearing, he withdrew with prejudice his § 2255 motion.

On January 30, 2015, nearly six years after Petitioner voluntarily withdrew with prejudice his § 2255 motion, he filed the instant Rule 60(b)(6) motion, seeking to vacate the withdrawal of that § 2255 motion. His general assertion in this motion is that he withdrew his § 2255 motion in the face of an affidavit from a court reporter indicating that he had been represented by counsel when he pled guilty to his prior burglary charge,[3] but that he has since uncovered information indicating that he was not actually represented on these charges.

One piece of information that Petitioner alleges to have uncovered is an affidavit from the attorney who the court reporter's affidavit indicated had represented him on at least one of his prior burglary charges, Ms. Bessena Wilson.[4] ECF No. 265 at 1. In the affidavit, she denies ever representing him. This affidavit, dated June 1, 2014, was addressed to the Court, but was not actually received by the Court. Additionally, the affidavit was signed by both the affiant and notary with s/ signatures, rather than wet signatures.[5] Also included with this affidavit are two USPS delivery confirmation cards addressed to Ms. Wilson, dated December 2, 2010 and January 18, 2012. ECF No. 265 at 2. Petitioner does not address the relevance of these cards.

---

[3] He has filed this affidavit at ECF No. 265-2.

[4] Sometimes she is referred to as Bessena Wilson, sometimes as Bessena Cobb.

[5] Resolving the authenticity of this document is not necessary to decide this motion.

Another piece of information that Petitioner includes are the docket sheets from his 1991 burglary convictions. ECF No. 265-3 at 2–3. There is no mention of when he received these documents.

Petitioner also includes a letter dated June 2, 2009 from an attorney who used to work as a public defender, indicating that neither he nor the public defender's office represented Petitioner on his 1988 burglary convictions. ECF No. 265-3 at 4.

Petitioner also includes a letter dated May 9, 2009 from an administrative assistant with the solicitor's office stating that they do not have anything regarding defense counsel in their files for his 1986 and 1988 burglaries. ECF No. 265-3 at 5.

Finally, Petitioner included a letter dated March 26, 2010 from the Fifteenth Judicial Circuit's chief public defender stating that he did not have any records from when Ms. Wilson (referred to as Ms. Cobb in this letter) was with the public defender's office. ECF No. 265-3 at 6.

Rule 60(b) allows a district court to grant relief from a final judgment for five enumerated reasons or for "any other reason that justifies relief. Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) requires a "very strict interpretation," *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 873 (1988) (Rehnquist, C.J., dissenting), and may only be invoked in "extraordinary circumstances" when the reason for relief does not fall into one of the five enumerated reasons in Rule 60(b)(1)–(5), *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011). Additionally, if the basis for relief asserted in a Rule 60(b)(6) motion could have been raised on appeal, the motion must be denied as "an inappropriate substitute for an appeal." *Aikens*, 652 F.3d at 501. A motion under Rule 60(b)(6) must be made within "a reasonable time." Fed. R. Civ. P. 60(c)(1).

The Court concludes that Petitioner's motion was not made within "a reasonable time,"

3

as required by the rule. The motion was filed nearly six years after he voluntarily withdrew his prior § 2255 motion on March 3, 2009. It was filed more than five years after he received the March 9, 2009 letter from the solicitor's office and the June 2, 2009 letter from the former public defender. It was filed nearly five years after he received the March 26, 2010 letter from the chief public defender. It even took him seven months after receiving the "affidavit" from Ms. Wilson to file this motion. Accordingly, the Court concludes that his motion was not timely filed. *See, e.g.*, *Wadley v. Equifax Info. Servs., LLC*, 296 F. App'x 366, 368 (4th Cir. 2008) (concluding that an almost-two-year delay was not reasonable); *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1177–78 (10th Cir. 2005) (affirming district court's conclusion that an almost-one-year delay was not reasonable) *McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991) (affirming district court's conclusion that a three-month delay was not reasonable).

Furthermore, even if Petitioner's motion was not time-barred, it would be barred based on his voluntary withdrawal of his prior § 2255 motion. He raised the issue of his representation in that § 2255 motion, and that was the appropriate vehicle to resolve the issue. He made the decision to voluntarily withdraw and not to pursue his § 2255 motion. That decision has consequences. There is no legal basis to allow him to re-litigate that issue through this motion.

For these reasons, Petitioner's Rule 60(b)(6) motion, ECF No. 265, is **DENIED**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

April 22, 2015
Columbia, South Carolina

4