IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Norman Tyrone Dais, | Crim. No. 4:03-cr-00386-TLW |
| PETITIONER | C/A No. 4:13-cv-02478-TLW |
| v. | |
| United States of America, | **Order** |
| RESPONDENT | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Norman Tyrone Dais.  For the reasons stated below, the Court dismisses the petition.

## I.    Factual and Procedural History

Petitioner pled guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 294 months imprisonment on August 31, 2004.  He was sentenced as an armed career offender under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[1]  His ACCA predicate offenses consisted of five burglary convictions.[2]

Petitioner filed a direct appeal, and his counsel submitted an *Anders* brief.  Petitioner filed a *pro se* supplemental brief in which he raised several issues, including the use of his

---

[1] The ACCA imposes a mandatory minimum fifteen-year sentence on felons who possess, among other things, firearms, and who also have three or more prior convictions for committing certain drug crimes or "violent felon[ies]."  18 U.S.C. § 924(e)(1).

[2] Four of those were adult convictions for Burglary Second, and one was for Burglary Third that he committed as a 17-year-old and for which he received a sentence under the Youthful Offender Act, S.C. Code Ann. §§ 24-19-10 to -160.

burglary convictions to enhance his sentence under the ACCA.  The Fourth Circuit affirmed. *United States v. Dais*, 178 F. App'x 253, 256–57 (4th Cir. 2006).

On October 30, 2006, Petitioner filed a § 2255 motion.  ECF No. 67.  After he filed numerous motions and letters with the Court, the Court appointed counsel for him and held an evidentiary hearing on March 3, 2009.  At the hearing, he withdrew with prejudice his § 2255 motion.  He has since filed with the Fourth Circuit three requests for authorization to file a second or successive § 2255 motion, all of which have been denied.  No. 12-168, ECF No. 4 (4th Cir. Apr. 20, 2012); No. 11-117, ECF No. 6 (4th Cir. Feb. 25, 2011); No. 09-214, ECF No. 4 (4th Cir. July 15, 2009).

On September 10, 2013, Petitioner filed the instant § 2255 motion, asserting that the Court improperly used his burglary convictions to enhance his sentence under the ACCA and improperly enhanced his sentence based on his use of a firearm in connection with another crime.  ECF No. 234.  He then filed a motion to amend his § 2255 to assert additional arguments regarding his burglary convictions.  ECF No. 238.  The Government then filed a response in opposition and a motion to dismiss the § 2255 motion, asserting that it should be dismissed as second or successive, as procedurally barred, and on the merits.  ECF Nos. 242, 244.  He then filed a response in opposition.  ECF No. 250.

The Court granted the motion to amend, directed the clerk to file the original § 2255 motion and motion to amend together as a separate docket entry, and directed the Government to respond to the amended § 2255 motion.  ECF Nos. 251, 253.  The Government then filed a new motion requesting dismissal or summary judgment.  ECF No. 257.  Petitioner did not file a response to the Government's motion, though he did file a motion requesting reconsideration of the dismissal of his prior § 2255.  ECF No. 265.  That motion for reconsideration has been

2

denied in a separate order.  ECF No. 269.

This matter is now ripe for decision

## II.     Discussion

The Court does not have jurisdiction to consider Petitioner's motion.  He has filed a previous § 2255 motion and has not obtained permission from the Fourth Circuit to file a second or successive motion.  A second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:

(1)     newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because Petitioner has filed a previous § 2255 motion, the present motion is second or successive.  He has not received an order from the Fourth Circuit authorizing a second or successive petition.  Consequently, the Court is without jurisdiction to consider it.  *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (noting that the petitioner must seek permission from the circuit court to file a second or successive motion under § 2255); *Burgess v. Warden*, No. 2:11-1621-CMC, 2011 WL 4345430, at *2 (D.S.C. Sept. 15, 2011) ("As Petitioner is no doubt well aware, prior to filing a second or successive motion under § 2255, he must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion.  As provided in 28 U.S.C. § 2244, '[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

application.' 28 U.S.C. § 2244(b)(3)(A). This he has not done.").[3]

The Government also asserts that even if Petitioner's motion was not barred as second or successive, his claim is (1) precluded under the law of the case doctrine; and (2) based on *Descamps v. United States*, 133 S. Ct. 2276 (2013), lacks merit. The Court find these positions persuasive and concludes that each is an alternative basis to deny relief.

## III.     Conclusion

This is a second or successive § 2255 motion. Petitioner must obtain authorization from the Fourth Circuit to file a second or successive § 2255 motion. As he has not obtained this authorization, this motion is subject to dismissal.

For these reasons, the Government's Motion to Dismiss, ECF No. 257, is **GRANTED** and Petitioner's amended motion for relief pursuant to § 2255, ECF No. 253, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this motion in accordance with Rule 11 of the Rules Governing

---

[3] The Court is aware of, and has carefully reviewed, the Fourth Circuit's recent decision in *United States v. Hairston*, 754 F.3d 258 (4th Cir. 2014). There, the petitioner filed his § 2255 petition after the state court vacated a prior conviction that had raised his criminal history category from III to IV. *Hairston*, 754 F.3d at 258. Though he had previously filed a § 2255 petition that had been denied, *id.*, the Fourth Circuit concluded that the § 2255 petition based on his vacated state conviction was not a second or successive petition within the meaning of § 2255(h) because his claim was not ripe until his state conviction was vacated, *id.* at 261–62.

The issue in *Hairston* and the two cases it primarily relied on involved prior convictions being vacated, rather than subsequent case law concluding that a still-valid prior conviction no longer counts as a predicate offense under the ACCA, as in *Hemingway*. *See id.* at 258; *In re Weathersby*, 717 F.3d 1108, 1111 (10th Cir. 2013); *Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011); *but cf. Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009) ("Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition." (emphasis in original)). Because this case does not involve a vacated conviction, the Court concludes that *Hairston* does not provide Petitioner with relief.

Section 2255 Proceedings.  In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right."  The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this motion.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

_s/ Terry L. Wooten_
Terry L. Wooten
Chief United States District Judge

April 23, 2015
Columbia, South Carolina