IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Norman Tyrone Dais,<br><br>    PETITIONER<br><br>    v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:03-cr-00386-TLW-1<br>C/A No. 4:15-cv-05021-TLW<br><br>**Order** |

This matter comes before the Court for consideration of the document entitled "Vacate Sentence 'Letter'" filed by Petitioner Norman Tyrone Dais. Because this document challenges his underlying sentence, the Court construes it as a petition for relief pursuant to pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Court dismisses the petition.

## I.    Factual and Procedural History

Petitioner pled guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 294 months imprisonment on August 31, 2004. He was sentenced as an armed career offender under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[1] His ACCA predicate offenses consisted of five burglary convictions.[2]

---

[1] The ACCA imposes a mandatory minimum fifteen-year sentence on felons who possess, among other things, firearms, and who also have three or more prior convictions for committing certain drug crimes or "violent felon[ies]." 18 U.S.C. § 924(e)(1).

[2] Four of those were adult convictions for Burglary Second, and one was for Burglary Third that he committed as a 17-year-old and for which he received a sentence under the Youthful Offender Act, S.C. Code Ann. §§ 24-19-10 to -160.

Petitioner filed a direct appeal, and his counsel submitted an *Anders* brief. Petitioner filed a *pro se* supplemental brief in which he raised several issues, including the use of his burglary convictions to enhance his sentence under the ACCA. The Fourth Circuit affirmed. *United States v. Dais*, 178 F. App'x 253, 256–57 (4th Cir. 2006).

On October 30, 2006, Petitioner filed a § 2255 petition. ECF No. 67. After he filed numerous motions and letters with the Court, the Court appointed counsel for him and held an evidentiary hearing on March 3, 2009. At the hearing, he withdrew with prejudice his § 2255 petition. He has since filed with the Fourth Circuit at least three requests for authorization to file a second or successive § 2255 petition, all of which have been denied. No. 12-168, ECF No. 4 (4th Cir. Apr. 20, 2012); No. 11-117, ECF No. 6 (4th Cir. Feb. 25, 2011); No. 09-214, ECF No. 4 (4th Cir. July 15, 2009).

On September 10, 2013, Petitioner filed another § 2255 petition, asserting that the Court improperly used his burglary convictions to enhance his sentence under the ACCA and improperly enhanced his sentence based on his use of a firearm in connection with another crime. ECF No. 234. He then filed a motion to amend his petition to assert additional arguments regarding his burglary convictions. ECF No. 238. The Government then filed a response in opposition and a motion to dismiss the petition, asserting that it should be dismissed as second or successive, as procedurally barred, and on the merits. ECF Nos. 242, 244. He then filed a response in opposition. ECF No. 250.

The Court granted the motion to amend, directed the clerk to file the original § 2255 petition and motion to amend together as a separate docket entry, and directed the Government to respond to the amended § 2255 petition. ECF Nos. 251, 253. The Government then filed a new motion requesting dismissal or summary judgment. ECF No. 257. Petitioner did not file a

response to the Government's motion, though he did file a motion requesting reconsideration of the dismissal of his prior § 2255 petition. ECF No. 265. That motion for reconsideration was denied in a separate order. ECF No. 269. The Court then denied his § 2255 petition as second or successive. ECF No. 271.

Petitioner filed the instant § 2255 petition on or about December 18, 2015,[3] asserting that he is entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *United States v. McLeod*, ___ F.3d ___, 2015 WL 6575673 (4th Cir. 2015). He has not received permission from the Fourth Circuit under 28 U.S.C. § 2244 to file this successive petition.

## II.    Discussion

The Court does not have jurisdiction to consider Petitioner's petition. He has filed a previous § 2255 petition and has not obtained permission from the Fourth Circuit to file a second or successive petition. A second or successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:

(1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because Petitioner has filed a previous § 2255 petition, the present petition is second or successive. He has not received an order from the Fourth Circuit authorizing a second or successive petition. Consequently, the Court is without jurisdiction to consider it. *See In re Vial*,

---

[3] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

115 F.3d 1192, 1194 (4th Cir. 1997) (noting that the petitioner must seek permission from the circuit court to file a second or successive petition under § 2255); *Burgess v. Warden*, No. 2:11-1621-CMC, 2011 WL 4345430, at *2 (D.S.C. Sept. 15, 2011) ("As Petitioner is no doubt well aware, prior to filing a second or successive motion under § 2255, he must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, '[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' 28 U.S.C. § 2244(b)(3)(A). This he has not done.").

## III. Conclusion

For these reasons, Petitioner's petition for relief pursuant to § 2255, ECF No. 297, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

                                                           *s/ Terry L. Wooten*
                                                           Terry L. Wooten
                                                           Chief United States District Judge

January 19, 2016
Columbia, South Carolina